UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


| | |
|---|---|
| MICHAEL A. HOWARD ] | |
|     Plaintiff, ] | |
| ] | |
| v. ] | No. 3:12-1156 |
| ] | Judge Campbell |
| MONTGOMERY COUNTY SHERIFF, ] | |
| et al. ] | |
|     Defendants. ] | |


### M E M O R A N D U M

The plaintiff, proceeding *pro se*, is an inmate at the Montgomery County Jail in Clarksville, Tennessee. He brings this action pursuant to 42 U.S.C. § 1983 against the Sheriff of Montgomery County and Correct Care Solutions, the health care provider for inmates at the Jail, seeking damages.

The plaintiff claims that he is being forced to endure cruel and unusual punishment because his bunk bed is "anchored" only one half inch off the floor. He further complains that he is being forced to eat his meals on the floor near a toilet and that he has been denied access to a mirror.

This action is being brought against the defendants in their official capacities only. Because the plaintiff in an official capacity action seeks damages not from the individually named defendant but from the entity for which the defendant is an agent, Pusey v. City of Youngstown, 11 F.3d 652,657 (6th Cir.1993), "an

official capacity suit is, in all respects other than name, to be treated as a suit against the entity." <u>Kentucky v. Graham</u>, 473 U.S. 159,166 (1985). In essence, then, the plaintiff's claims are against Montgomery County, the municipal entity that operates the Montgomery County Jail. <u>Hafer v. Melo</u>, 502 U.S. 21,25 (1991).

A claim of governmental liability requires a showing that the misconduct complained of came about pursuant to a policy, statement, regulation, decision or custom promulgated by Montgomery County or its agent, the Montgomery County Sheriff's Department. <u>Monell v. New York City Department of Social Services</u>, 98 S.Ct. 2018 (1978). In short, for Montgomery County to be liable under § 1983, there must be a direct causal link between an official policy or custom and the alleged constitutional violation. <u>City of Canton v. Harris</u>, 109 S.Ct. 1197 (1989).

The plaintiff has offered nothing to suggest that his rights were violated pursuant to a policy or regulation of Montgomery County. Consequently, the plaintiff has failed to state a claim against the defendants acting in their official capacities.

In the absence of an actionable claim, the Court is obliged to dismiss the complaint *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

_____
Todd Campbell
United States District Judge